**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| DONNA CAROL FERNIHOUGH<br><br>Plaintiff,<br><br>v.<br><br>ACCLARENT, INC., INTEGRA LIFESCIENCES CORPORATION, PRECISION CONCEPTS, LLC, and PCB TECHNOLOGIES USA INC.<br><br>Defendants. | Case No. _____<br><br>Removed from the District Court of Tarrant County, Texas<br><br>***Jury Trial Demanded*** |

## NOTICE OF REMOVAL

TO THE CLERK OF COURT:

Defendants ACCLARENT, INC. ("Acclarent") and Integra LifeSciences Corporation ("Integra") timely file this Notice of Removal (the "Notice") hereby removing this matter from the District Court of Tarrant County, Texas (the "State Court"), to the United States District Court for the Northern District of Texas, Fort Worth Division, based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and for the reasons stated herein.

### PROCEDURAL HISTORY AND PARTIES

1.      This case was filed in the State Court as Cause Number 067-364611-25 on May 15, 2025, and marked as filed by the Clerk of the District Court at 3:33 p.m. *See*

NOTICE OF REMOVAL TO FEDERAL COURT - **Page 1**

**Exhibit A**, Plaintiff's Original Petition.

2.      Neither Acclarent nor Integra has been served. According to the State Court Docket, Defendants Precision Concepts LLC, and PCB Technologies USA Inc. have not yet been served.

3.      According to her Original Petition, "Donna Carol Fernihough (also hereafter referred to "PLAINTIFF") is currently a *citizen* and *resident* of Tarrant County, Texas" *See* **Exhibit A** at ¶ 2 (emphasis added). Accordingly, Plaintiff is a citizen of the state of Texas. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.,* 929 F.3d 310, 313 (5th Cir. 2019) (explaining requirement for meeting both citizenship and residency).

4.      Acclarent is incorporated in Delaware (as alleged in Plaintiff's Original Petition ¶ 3) and has its principal place of business in California. Acclarent is not a Texas corporation, and Plaintiff does not allege that it is. *See also* **Exhibit B**, Acclarent's Incorporation Filing; and **Exhibit C**, indicating Acclarent's principal place of business.

5.      Integra is a corporation organized under the laws of Delaware (as alleged in Plaintiff's Original Petition ¶ 4), with its principal place of business in New Jersey. Integra is not a Texas corporation, and Plaintiff does not allege that it is. *See also* **Exhibit D**, Integra's Incorporation Filing; and **Exhibit E**, indicating Integra's principal place of business.

6.      According to her Original Petition, and upon information and belief, "PRECISION CONCEPTS, LLC (hereafter also referred to as "PRECISION") is a corporation organized under the laws of North Carolina, with its operations nerve center in Mebane, North Carolina." Plaintiff does not allege that this Defendant is a Texas

corporation. *See* **Exhibit A** at ¶ 5.

7.      According to her Original Petition, and upon information and belief, "PCB TECHNOLOGIES USA INC. (hereafter also referred to as "PCB") is a corporation organized under the laws of New Jersey, with its operations nerve center in Ocean, New Jersey." Plaintiff does not allege that this Defendant is a Texas corporation.  *See* **Exhibit A** at ¶ 6.

## THE REQUIREMENTS OF 28 U.S. CODE §§ 1332 & 1441 ARE SATISFIED HERE

8.      Federal district courts have original jurisdiction in which the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between the citizens of different states. 28 U.S.C. § 1332(a)(1).

9.      "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1).

10.      Plaintiff's Original Petition does not contain allegations against any Defendant asserted to be incorporated or having its principal place of business within Texas.

11.      Therefore, there is complete diversity of citizenship here.

12.      According to Plaintiff's Original Petition, the amount in controversy exceeds "$1,000,000.00 exclusive of interest and costs."  *See* **Exhibit A** at ¶ 8. Thus, the amount in controversy exceeds $75,000 in accordance with 28 U.S.C. § 1332.

## REMOVAL IS TIMELY PURSUANT TO 28 U.S.C. § 1446

13.      "The notice of removal of a civil action or proceeding shall be filed within

30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" *See* 28 U.S.C. § 1446(b)(1).

14. Acclarent and Integra received a copy of Plaintiff's Original Petition on May 15, 2025.

15. Thus, this Notice of Removal is being filed within 30 days after the date Acclarent and Integra received a copy of the initial pleading.

## CONSENT FROM NON-SERVED DEFENDANTS IS NOT A PREREQUISITE TO REMOVAL

16. In general, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This is referred to as the "rule of unanimity" and requires "that all defendants to an action either sign the original [notice of] removal or timely file written consent to the removal . . . within thirty days of services of the state-court petition." *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015).

17. However, a codefendant who has not been served when the notice of removal is filed need not consent to it. *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1261 n.9 (5th Cir. 1988).

18. According to the State Court's docket, no Defendant has yet been served with Plaintiff's Original Petition. Thus, consent of all the parties at the time of removal is not required, and the remaining defendants can "timely file written consent to the removal . . . within thirty days of services of the state-court petition." *Powers v. United*

*States*, 783 F.3d 570, 576 (5th Cir. 2015).

19.    Defendants includes in this Notice of Removal an index of all documents filed in the state court action, including the date on which those documents were filed, pursuant to Local Rule CV-81. *See* **Exhibit F**.

20.    In accordance with 28 U.S.C. §1441(a) and Local Rule CV-81.1(a)(4)(B), attached to this removal is a state court docket sheet, *See* **Exhibit G**, and a separately signed certificate of interested persons that complies with LR 3.1(c) or 3.2(e), **Exhibit H**.

Dated: May 16, 2025                     Respectfully submitted,

                                       **BOWMAN AND BROOKE LLP**

                                       By: */s/ Alan R. Vickery*

                                           **Alan R. Vickery**
                                           State Bar No. 20571650
                                           **Trevor W. Carolan**
                                           State Bar No. 24128898
                                           **Courtney Kenisky**
                                           State Bar No. 24102003
                                           5850 Granite Parkway, Suite 900
                                           Dallas, TX  75024
                                           Telephone: (972) 616-1700
                                           Facsimile: (972) 616-1701
                                           alan.vickery@bowmanandbrooke.com
                                           trevor.carolan@bowmanandbrooke.com
                                           courtney.kenisky@bowmanandbrooke.com

                                       **ATTORNEYS FOR DEFENDANTS ACCLARENT, INC. AND INTEGRA LIFESCIENCES CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was duly served pursuant to the Texas Rules of Civil Procedure via electronic mail and/or first-class mail on all counsel of record on this 16th day of May 2025.

/s/ Alan R. Vickery
**Alan R. Vickery**