IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DONNA CAROL FERNIHOUGH <br><br> Plaintiff, <br><br><br> v. <br><br><br><br> ACCLARENT, INC. and INTEGRA LIFESCIENCES CORPORATION, <br><br> Defendants. | <br><br><br> Case No. 4:25-cv-00525-Y |

**DEFENDANT ACCLARENT'S RESPONSE TO PLAINTIFF'S SECOND AMENDED MOTION TO STRIKE OBJECTIONS AND COMPEL COMPLETE RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ACCLARENT**[1]

---

[1] As required by Local Rule 7.2, Acclarent certifies that no part of this brief was drafted using Generative AI, however, Acclarent's counsel performed case law research using legal-specific Generative AI programs. Acclarent's counsel confirmed the existence and accuracy of each citation.

**Table of Contents**

Table of Authorities ..................................................................................................... 3

I.    INTRODUCTION ................................................................................................. 4

II.    PROCEDURAL HISTORY.................................................................................. 5

A.    Acclarent Has Cooperatively Worked with Plaintiff to Respond to Discovery Based on Her Changing Claims. ..................................................................... 5

B.    The Parties Meet and Confer on Acclarent's Supplemental Interrogatory Answers ........................................................................................................... 7

III.    ARGUMENT........................................................................................................ 10

A.    Plaintiff's Motion is Meritless and Should be Denied.................................... 10

1.    A Further Answer to Interrogatory No. 2 is not Warranted Because Acclarent has Fully Answered Through the Date of Plaintiff's Surgery and the Native Excel Format of Acclarent's Production was Proper.............. 10

2.    The Court Should Not Compel Further Responses to Interrogatory No. 7 Because Acclarent Fully and Properly Responded and Objected and Produced a Privilege Log. ................................................................................. 14

B.    Acclarent Served Proper Specific Objections to Plaintiff's Definitions and Instructions and Did Not Serve General Objections ............................................. 16

IV.    CONCLUSION..................................................................................................... 18

## Table of Authorities

**Cases**                                                                           Page(s)

*Diversified Prods. Corp. v. Sports Ctr. Co.*,
  42 F.R.D. 3 (D. Md. 1967) ................................................................................ 17
*Green v. Toyota Motor Corp.*,
  2012 WL 13065682 (N.D. Tex. July 18, 2012) ...................................................... 11
*Grenada Steel Indus., Inc. v. Alabama Oxygen Co.*,
  695 F.2d 883 (5th Cir. 1983) ................................................................................ 12
*Heller v. City of Dallas*,
  303 F.R.D. 466 (N.D. Tex. 2014) .................................................................... 13, 17
*Hilt v. SFC Inc.*,
  170 F.R.D. 182 (D. Kan. 1997) .............................................................................. 17
*In re Concho Res., Inc. Sec. Litig.*,
  2025 WL 2899518 (S.D. Tex. Oct. 10, 2025) ......................................................... 14
*Jolivet v. Compass Grp. USA, Inc.*,
  340 F.R.D. 7 (N.D. Tex. 2021) .............................................................................. 15
*Lopez v. Don Herring Ltd.*,
  327 F.R.D. 567 (N.D. Tex. 2018) .......................................................................... 10
Plaintiff's citation to *Gaston v. PACCAR*, Inc.,
  No. 3:09-CV-2246-F, 2010 WL 11565411 (N.D. Tex. Nov. 3, 2010) ..................... 12
*Shintech Inc. v. Olin Corp.*,
  2023 WL 6807006 (S.D. Tex. Oct. 16, 2023) ......................................................... 17

**Statutes**

42 U.S.C.A. § 1320d-6 ............................................................................................. 13

**Rules**

Fed. R. Civ. P. 34(b)(2)(E) ....................................................................................... 14
Federal Rule of Civil Procedure 26 ........................................................................... 10
Federal Rule of Civil Procedure 33(d) ......................................................... 7, 9, 14, 15
Texas Rule 202 ..................................................................................................... 9, 15

## I.    INTRODUCTION

This lawsuit involves Plaintiff Donna Carol Fernihough's May 19, 2023 sinus surgery involving the TruDi Navigation System, which is a surgical navigation tool designed and manufactured by non-party Biosense Webster Inc. (BWI) and distributed by Acclarent. Plaintiff's Second Amended Motion seeks to compel Acclarent to provide further responses to two Interrogatories, and to strike Acclarent's objections to Plaintiff's prefatory definitions and instructions. The Court should deny Plaintiff's motion to compel for the following reasons.

*First*, in response to Interrogatory No. 2, Acclarent agreed to produce, and has produced, the very information Plaintiff requested, which is a native Excel format extract from the applicable Complaint Database involving the Pivot balloon and the same alleged defect at issue here, through the date of Plaintiff's surgery. Beyond its production, Acclarent clearly and properly objected to the production of other patient complaints made after the date of her surgery and involving alleged defect mechanisms not at issue here, because such complaints are neither relevant nor proportional to the needs of this case. Plaintiff's Motion asserts that Acclarent's objections are unfounded and that the format of its production is improper. Plaintiff's objections should be overruled and her motion should be denied as to Interrogatory No. 2.

*Second*, as to Interrogatory No. 7, although Plaintiff asserts that Acclarent has not provided a basis for its privilege objections, Acclarent served its privilege log *five days before* Plaintiff served her Second Amended Motion. Plaintiff's Motion wholly (and improperly) ignores Acclarent's privilege log. Because Acclarent timely produced a privilege log that explains the basis for its privilege claim, there is nothing more for the Court to compel, and Plaintiff's Motion as to Interrogatory No. 7 should be denied.

*Third*, Plaintiff's baseless request to strike Acclarent's objections to Plaintiff's Definitions and Instructions should be denied. While Plaintiff calls these "general objections," they are nothing

of the sort. Plaintiff served *six pages* of unhelpful and unnecessary Definitions and Instructions at the outset of her Interrogatories. Acclarent properly and appropriately objected. During the parties' meet and confer conference, Acclarent agreed to withdraw these objections if Plaintiff agreed to withdraw her Definitions and Instructions. Plaintiff refused. If any action is warranted as to Plaintiff's request, it is that Plaintiff's Definitions and Instructions should be stricken. Otherwise, Acclarent's objections should be sustained.

For these reasons, Plaintiff's Motion to Compel and/or to Strike should be denied.

## II.    PROCEDURAL HISTORY

### A.    Acclarent Has Cooperatively Worked with Plaintiff to Respond to Discovery Based on Her Changing Claims.

On May 19, 2023, Plaintiff Donna Carol Fernihough underwent sinus surgery performed by Dr. Marc Dean using the BWI TruDi Navigation System, a surgical navigation tool. Acclarent did not design or manufacture any part of the BWI TruDi Navigation System. Non-party Biosense Webster Inc. (BWI) is the sole designer and manufacturer of the BWI TruDi Navigation System. Acclarent was the distributor of the TruDi Navigation System at the time of Plaintiff's surgery.

Since this case began, Acclarent has sought to understand the medical devices Plaintiff accuses and her alleged theory of defect and causation. On March 8, 2024, Plaintiff served a Verified Rule 202 Petition seeking discovery from Acclarent, stating that Dr. Dean used an Acclarent Pivot Navigation balloon (the Pivot balloon), which is a navigable device compatible with the TruDi Navigation System, during Plaintiff's surgery. Shortly before the statute of limitations expired, Plaintiff filed her Original Petition in Texas state court, stating that Dr. Dean used an Acclarent Relieva SpinPlus NAV balloon (the SpinPlus NAV balloon) during Plaintiff's surgery, not the Pivot balloon. *See* ECF 1-1, May 15, 2025 Petition, ¶ 33. Plaintiff also sued the manufacturer of the SpinPlus NAV balloon (a different entity than the manufacturer of the Pivot

balloon). After Acclarent removed this case, Plaintiff amended her Complaint but continued to allege that Dr. Dean used a SpinPlus NAV balloon during Plaintiff's surgery. *See* First Amended Complaint (FAC), ECF 12, ¶ 33.

To clarify the products at issue, Acclarent served Interrogatories asking Plaintiff to identify which devices she alleges were used during her surgery. On October 9, 2025, Plaintiff responded "Plaintiff does not know this information. Plaintiff only knows that a TruDi Navigation device was used." (Plaintiff's Answer to Interrogatory No. 2, attached at Exhibit A, App'x at 8.)[2]

A few days later, on October 13, 2025, Plaintiff served the instant Interrogatories. Although Plaintiff did not allege the Pivot balloon was used during Plaintiff's surgery and never even mentioned the word "Pivot" in her 62-page Complaint, Plaintiff served multiple Interrogatories seeking information about the Pivot balloon. Acclarent timely served its Answers on November 12, 2025, properly objecting to producing information about products not alleged to have been used during Plaintiff's surgery.

The parties subsequently met and conferred. Plaintiff admitted that her FAC did not identify the Pivot balloon and suggested that her identification of the SpinPlus Nav balloon was in error. Acclarent confirmed that if Plaintiff amended her FAC to identify and accuse the Pivot balloon instead of the SpinPlus Nav balloon, Acclarent would supplement its discovery responses. Plaintiff filed her Second Amended Complaint ("SAC") on December 1, 2025, this time alleging Dr. Dean used the Pivot balloon during Plaintiff's surgery. *See* SAC, ECF 61. Acclarent then began working on its supplemental responses.

On Friday, December 19, 2025, Plaintiff's counsel emailed Acclarent's counsel stating that Plaintiff would be moving to strike Acclarent's objections and compel further responses. (*See* Dec.

---

[2] Plaintiff amended her Interrogatory Answers for the first time on January 21, 2026.

2025, Emails between Counsel, attached at Exhibit B, App'x at 20-21.) Acclarent's counsel responded that it was in the process of supplementing its Answers to address the entirely different product Plaintiff now alleged and requested reasonable additional time to do so. (Exhibit B, App'x at 20.) Plaintiff refused Acclarent's request and stated she would file a motion unless Acclarent agreed to withdraw "all its general and specific objections" in the next 36 minutes. (Exhibit B, App'x at 17-18.) Acclarent's counsel responded, clarifying that it had not asserted general objections and, again asking Plaintiff to give Acclarent a reasonable opportunity to supplement its Answers. (Exhibit B, App'x at 17.) Plaintiff filed her Motion to Strike and/or to Compel later that day, and filed her First Amended Motion the next day, on December 23, 2025. *See* ECF 65, 66.

As agreed, Acclarent supplemented its Interrogatory Answers to address the Pivot balloon on January 13, 2026. Acclarent also filed its response to Plaintiff's First Amended Motion to Compel Interrogatory Responses that same day, asserting that Plaintiff's motion was now moot. *See* ECF 69. On January 16, 2026, District Judge Means ordered the parties to further meet and confer and referred any remaining issues to Magistrate Judge Cureton. *See* ECF 72.

**B.      The Parties Meet and Confer on Acclarent's Supplemental Interrogatory Answers**

The parties subsequently met and conferred on Acclarent's Supplemental Interrogatory Answers on January 27, 2026. The parties resolved multiple disputes, other than the below.

First, Plaintiff asserted that Acclarent's Answer to Interrogatory No. 2 was incomplete and contained improper objections. Specifically, Interrogatory No. 2 seeks to require Acclarent to identify all complaints, regardless of complaint type, received by Acclarent involving the Pivot balloon from 2020 through present. In its Answer to this Interrogatory, and in accordance with Federal Rule of Civil Procedure 33(d), Acclarent "produced a native Excel format export from the

J&J[3] Complaint Database containing complaints for the Pivot based on alleged inaccuracy from the date the Pivot was introduced to the market through May 19, 2023, at ACCDCF_008079." (Acclarent's Answer to Interrogatory No. 2, ECF 75, App'x at 8-10.)[4] Acclarent otherwise objected to producing complaints that: (1) occurred after the date of Plaintiff's surgery; and (2) were not limited to the same alleged inaccuracy defect.

During the meet and confer, Plaintiff disagreed with Acclarent's objections. Plaintiff claimed that she was entitled to *all complaints* for the Pivot balloon, regardless of alleged defect. While Acclarent already had agreed to produce complaints related to an allegation of loss of accuracy, Acclarent also agreed to expand the scope of complaints to include allegations of kinked guidewires. Acclarent subsequently produced a supplemental spreadsheet containing the information offered at ACCDCF_066651. But Plaintiff was still not satisfied and further complained that she needs complaints *after* the date of Plaintiff's surgery to prove the existence of a defect and/or a reasonable alternative design. Acclarent disagreed, and the parties reached impasse on this issue.

Further, Plaintiff's counsel objected to the format of Acclarent's production, asserting that she was required to receive an export of the Complaint Database, and not just an Excel spreadsheet of complaints. Acclarent's counsel explained that the Excel spreadsheet is the native output from the Complaint Database and that all columns had been produced. Plaintiff's counsel accepted this

---

[3] Prior to April 2024, and during Plaintiff's May 2023 surgery, Acclarent was a subsidiary of Johnson & Johnson MedTech, and pursuant to operating agreements between the entities, Johnson & Johnson MedTech performed product complaint handling and regulatory reporting for Acclarent.

[4] Plaintiff did not number her Appendix pages in accordance with the "Appendix Requirements" contained in Local Rule 7.1, which require the first page to be numbered as "1." Accordingly, Acclarent's citations for this document refer to the number on the bottom right of Plaintiff's as filed Appendix.

explanation but nonetheless appears to continue to complain, without any evidence in support, that the native Excel format of Acclarent's production is improper.

Second, Plaintiff complained about Acclarent's Answer to Interrogatory No. 7, which seeks to require Acclarent to identify whether it investigated Plaintiff's alleged injury, including whether anyone completed any type of report. Pursuant to Rule 33(d), Acclarent identified two Complaint Detail Reports—one generated from a report from Plaintiff's surgeon shortly after Plaintiff's surgery, and another generated after Plaintiff's Texas Rule 202 Petition. (Acclarent's Answer to Interrogatory No. 7, ECF 75, App'x at 14-17.) During the Parties' January 27, 2026 meet and confer, Plaintiff asked Acclarent to supplement its Answer to identify the attachments to the Complaint Detail Reports that Acclarent had specifically identified in response to similar requests for production. Plaintiff also asked Acclarent to clarify whether it was withholding any privileged documents. Acclarent agreed to both requests, and then served its Second Supplemental Answers on February 9, 2026. (Acclarent's Answer to Interrogatory No. 7, ECF 75, App'x at 14-17.) Acclarent then served its privilege log four days later on February 13, 2026. (Acclarent Privilege Log and Service Email, attached at Exhibit C, App'x at 23-24.) Plaintiff filed the instant motion on February 18, 2026—five days after receipt of Acclarent's privilege log—without mentioning the log or Acclarent's specific assertions of privilege.

Third, Plaintiff claimed that Acclarent had asserted improper "general objections." Acclarent clarified and confirmed that it had not served any general objections, but rather, had objected to Plaintiff's six pages of prefatory definitions and instructions, which Acclarent asserted were wholly unnecessary and improper. Plaintiff refused to withdraw her definitions and instructions, so Acclarent was constrained to maintain its objections thereto.

## III.    ARGUMENT

### A.    Plaintiff's Motion is Meritless and Should be Denied.

Plaintiff's Motion is meritless and should be denied because Acclarent's answers and objections to Plaintiff's Interrogatories are proper and appropriate, and Plaintiff has not shown a basis to compel Acclarent to supplement beyond what Acclarent has already done. Under Federal Rule of Civil Procedure 26, as amended in 2015, discoverable matters must be both relevant and proportional to the needs of the case—which are related but distinct requirements. *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 573 (N.D. Tex. 2018).

> **1.    A Further Answer to Interrogatory No. 2 is not Warranted Because Acclarent has Fully Answered Through the Date of Plaintiff's Surgery and the Native Excel Format of Acclarent's Production was Proper.**

Plaintiff is not entitled to a further answer to Interrogatory No. 2, because Acclarent has already produced responsive information through the date of Plaintiff's surgery, and Acclarent's objections to the production of information regarding unrelated to her claim of defect and beyond the date of her surgery are proper and appropriate and should be sustained, as should the format of Acclarent's Complaint Database production.

Interrogatory No. 2 seeks to require Acclarent to identify all complaints, regardless of complaint type, for the Pivot balloon from 2020 through present. In response, Acclarent produced "a native Excel format export from the J&J Complaint Database containing complaints for the Pivot balloon based on alleged inaccuracy from the date the Pivot was introduced to the market through May 19, 2023, at ACCDCF_008079." (Acclarent's Response Answer to Interrogatory No. 2, ECF 75, App'x at 8-10.) Additionally, after meeting and conferring, Acclarent also produced "a supplemental Excel format export from the J&J Complaint Database containing complaints for the Pivot balloon based on alleged inaccuracy *and* kinked Pivot balloon guidewires from the date the Pivot balloon was introduced to the market through May 19, 2023." *Id.* (emphasis added).

Acclarent produced this supplemental spreadsheet at ACCDCF_066651. Each of the three complaints Plaintiff has lodged regarding this production should be rejected. Nothing more should be required.

In the four separate sets of written discovery Plaintiff has served to date, approximately 25 separate and distinct requests seek the production of various product complaints. Acclarent exported one spreadsheet from the J&J Complaint Database covering all complaints for the Pivot and the BWI TruDi Navigation System based on alleged inaccuracy from January 1, 2019-May 19, 2023. This spreadsheet, produced at ACCDCF_008079, contains responsive complaints for the Pivot balloon. Moreover, on February 18, 2026, *before* Plaintiff even filed the instant motion, Acclarent produced an additional export from the J&J Complaint Database containing complaints for the Pivot balloon based on alleged inaccuracy <u>and</u> kinked Pivot balloon guidewires from the date the Pivot balloon was introduced to the market through May 19, 2023, at ACCDCF_066651.

Acclarent properly produced complaints that are relevant to Plaintiff's alleged claims of defect. The crux of Plaintiff's complaint is that the BWI TruDi Navigation System and/or the Pivot balloon were not accurate and misguided Plaintiff's surgeon into Plaintiff's carotid artery. *See* SAC, ECF 61 at ¶ 31 ("Dr. Dean… was misled and misguided in [Plaintiff's] sphenoid sinus causing trauma to her carotid artery.") As such, Acclarent identified accuracy-related complaints. Moreover, after meeting and conferring, Acclarent also agreed to, and did produce, complaints related to allegedly kinked guidewires in the Pivot balloon. Complaints involving other failure modes, which could include cosmetic issues, complaints where a healthcare professional dropped a device, complaints that a device would not power on, complaints related to packaging, and complaints related to ergonomics, among others, are unrelated to Plaintiff's claims here and therefore are not relevant and not discoverable. *Green v. Toyota Motor Corp.*, 2012 WL 13065682,

at *6 (N.D. Tex. July 18, 2012) (holding that discovery must be "pertinent to the legal issues raised in the litigation," and excluding discovery of dissimilar products). Plaintiff's objection that she is entitled to the production of complaints beyond alleged inaccuracy and kinked Pivot balloon guidewires is baseless and should be rejected.

Similarly, Acclarent's objection to identifying complaints received *after* the date of Plaintiff's surgery was proper and appropriate and should be sustained because this information is not relevant or proportional to the needs of the case. By their definition, complaints after the date of an incident do not and cannot put a defendant on notice of an alleged defect at the time of the incident. Additionally, the Fifth Circuit is clear that post incident evidence on repairs or alternative designs "has little relevance to whether the product in question was defective at some previous time." *Grenada Steel Indus., Inc. v. Alabama Oxygen Co.*, 695 F.2d 883, 887 (5th Cir. 1983) ("We fail to see how an alternative design, developed by another person years after the product in question was manufactured, is relevant to whether the product was reasonably safe at the time it was made."). But this is precisely the reason Plaintiff wants this information. (*See* ECF 74, Pl.'s Br., at 14 ("post occurrence information and actions are relevant to the claim of defect".))

The case law Plaintiff cites in support of her request for complaints after the date of Plaintiff's surgery is neither controlling nor instructive. Plaintiff asserts that courts in the Fifth Circuit allow discovery into subsequent remedial measures (ECF 74, Pl.'s Br., at 13), but even assuming that general principle is accurate, it does not support the unlimited discovery Plaintiff seeks here. Plaintiff also argues "post occurrence information and actions are relevant to . . . safer alternative design." (ECF 74, Pl.'s Am. Br., at 14.) But her request for complaints after the date of her surgery have no bearing on alternative designs. Product complaints are for products in the field, not products that may be under development. Additionally, Plaintiff's citation to *Gaston v.*

*PACCAR*, Inc., No. 3:09-CV-2246-F, 2010 WL 11565411, at *1 (N.D. Tex. Nov. 3, 2010) is inapposite. In that case, the court considered and granted discovery on another vehicle model the court found to be similar; the court did not analyze or discuss whether complaints after the date of injury were relevant or proportional. Plaintiff's request for the production of post-surgery complaints should be denied.

Otherwise, Acclarent's objections to Interrogatory No. 2 are tailored, reasonable, and should be upheld. Acclarent's objections are not "general." A general objection is one in which a party objects to a request as "overly broad, burdensome, oppressive and irrelevant," without explaining how the request is not relevant or is overly broad. *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014). Acclarent clearly explained the ways in which Plaintiff's Interrogatory was irrelevant and not proportional by explaining the Interrogatory was not limited to any particular failure mode, to the allegations in Plaintiff's Complaint, or to a reasonable or relevant timeframe. Acclarent's objection to producing protected health information of other patients is similarly appropriate and should be upheld. 42 U.S.C.A. § 1320d-6 (providing for penalties where a person "discloses individually identifiable health information to another person" "without authorization").

Further, Plaintiff's complaints regarding the format of Acclarent's Complaint Database production are baseless and should be rejected. Acclarent produced two native Excel extracts from the J&J Complaint Database. As Acclarent's counsel explained during the parties' several meet and confer sessions, when the J&J Complaint Database is queried, the export is an Excel spreadsheet, which Acclarent produced natively. Accordingly, Acclarent's production of Complaint Database data is in the form of a native Excel spreadsheet. Plaintiff's assertion that "the spreadsheet referred to does not even discuss the Pivot Navigation Balloon Dilation System

complaints," is demonstrably false.[5] Like any Excel spreadsheet, the Complaint Database spreadsheet produced by Acclarent can be filtered, including by product name. The complaints for the Pivot balloon can be found at Rows 285, 286, 403, 404, 451, and 452.

Further, Acclarent did not produce a summary document and did not omit any of the approximately 100 columns from the original database. Plaintiff's citation to *In re Concho Res., Inc. Sec. Litig.*, 2025 WL 2899518, at *1 (S.D. Tex. Oct. 10, 2025) is not instructive on this issue. *Concho* was a securities fraud case in which the plaintiffs requested information from multiple financial databases along with the settings and functionalities of the original databases. *Id.* at *3. Defendants produced hundreds of Excel spreadsheets with purportedly responsive information without the same functionality as the original database including categorizing or calculating. *Id.* at *4. The court ordered the defendants to produce the databases (or portions thereof) with the settings that were provided to third-party auditors, as the databases were kept in the usual course of business. *Id.* at *5. Here, Acclarent produced two separate spreadsheets, directly exported from the J&J Complaint Database, with all available fields, as it is kept in the usual course of business. Acclarent's production complies with Fed. R. Civ. P. 34(b)(2)(E), as such documents were produced "as they are kept in the usual course of" Acclarent's business *and* the documents were "organize[d] and label[ed] . . . to correspond to the categories in the request," and is consistent with Fed. R. Civ. P. 33(d). Acclarent is not (and should not be) required to produce the information in a different format.

For these reasons, Plaintiff's Motion to compel a further Answer to Interrogatory No. 2 should be denied and Acclarent's objections should be upheld.

### 2. The Court Should Not Compel Further Responses to Interrogatory No.

---

[5] During the January 27, 2026 meet and confer, Plaintiff never claimed that Acclarent's Complaint Spreadsheet did not include Pivot balloon complaints.

**7 Because Acclarent Fully and Properly Responded and Objected and Produced a Privilege Log.**

A further response to Interrogatory No. 7 is not warranted because Acclarent has fully responded to Interrogatory No. 7 and its objections are proper and appropriate.

Interrogatory No. 7 seeks to require Acclarent to identify whether it investigated Plaintiff's alleged injury and whether a report was created. Pursuant to Fed. R. Civ. P. 33(d), Acclarent identified several responsive documents, including two Complaint Detail Reports—one generated from a report from Plaintiff's surgeon shortly after Plaintiff's surgery and another generated after Plaintiff's Texas Rule 202 Petition. Each Complaint Detail Report includes a product investigation section with subsections titled investigation summary and investigation outcome comments. Acclarent also identified the MAUDE report related to Plaintiff's surgery submitted by Johnson & Johnson MedTech and published on the FDA MAUDE website. This report describes the actions and investigation of Acclarent/J&J MedTech in detail based on available information. After meeting and conferring with Plaintiff, Acclarent also identified and produced the attachments to the Complaint Detail Reports that Acclarent identified in response to similar requests for production.

In its Second Supplemental Answers, which were served on February 9, 2026, Acclarent further stated it was "withholding certain of the [identified] files as privileged and will identify such files on Acclarent's privilege log, which Acclarent agrees to produce in the next 7 days." Acclarent then served its privilege log four days later on February 13, 2026. Acclarent's privilege log identified one document Acclarent withheld from production as stated in Acclarent's Second Supplemental Answers, and included the author, recipient, date, description of the privilege and a specific basis for the privilege claim. *See Jolivet v. Compass Grp. USA, Inc.,* 340 F.R.D. 7, 21 (N.D. Tex. 2021) (a privilege log must identify each document and provide basic information,

including the author, recipient, date and general nature of the document).

Despite the service of Acclarent's privilege log, Plaintiff filed the instant motion on February 18, 2026—five days after receiving the log—but failed to mention the log or Acclarent's specific assertions of privilege. In this regard, Plaintiff's assertion that Acclarent's privilege objections are "prophylactic" is not supported by the record, given that Acclarent's privilege claims are fully developed on its privilege log. Similarly, the record belies Plaintiff's claim that "Acclarent is obligated to provide a privilege log" but has not done so. (ECF 74, Pl.'s Br., at 14). Acclarent timely served its privilege log, properly identifying the document it withheld from production. No evidence to the contrary exists or has been proffered by Plaintiff.

For this reason, Plaintiff's Motion to Compel further Answers to Interrogatory No. 7 should be denied as moot, and Acclarent's privilege-based objections should be sustained.

B.    **Acclarent Served Proper Specific Objections to Plaintiff's Definitions and Instructions and Did Not Serve General Objections**

Plaintiff wrongly asserts that Acclarent began its discovery responses with "general objections." To the contrary, Acclarent served specific objections to Plaintiff's numerous and Definitions and Instructions which preceded Plaintiff's Interrogatories, and which are themselves contravened by the Federal Rules of Civil Procedure. Specifically, before Plaintiff recited even a single Interrogatory, she propounded *six pages of Definitions and Instructions* for Acclarent to follow, including overly broad definitions for the terms Acclarent, Integra, Person, Identify, Documents, Data, Electronic Data, Electronically Stored Data, Magnetic Data, Reference to Documents, Document Destruction, Designated Time Period, and Possession, Custody, and/or Control and related instructions. (*See* Plaintiff's First Set of Interrogatories to Acclarent, attached at Exhibit D, App'x at 26-31.)

Courts in the Fifth Circuit and across the country have criticized such improper definitions

and instructions. *See, e.g., Shintech Inc. v. Olin Corp.*, 2023 WL 6807006, at *2 (S.D. Tex. Oct. 16, 2023) (criticizing the "whopping six pages of definitions and instructions, defining 12 terms and providing nine instructions for [the responding party] to comply with in answering the requests," which included instructions the court found to be "nonsensical" and "gibberish"); *Hilt v. SFC Inc.*, 170 F.R.D. 182, 188 (D. Kan. 1997) (expressing concern that an expansive definition of the term "identify" invites a legitimate objection that the definition renders the attendant interrogatories too burdensome and therefore useless); *Diversified Prods. Corp. v. Sports Ctr. Co.*, 42 F.R.D. 3 (D. Md. 1967) (holding the use of unreasonable definitions may render interrogatories so burdensome to answering party and court that objections to entire series should be sustained with sanctions).

Consistent with this authority, Acclarent properly responded and objected to "Plaintiff's Definitions and Instructions" objecting to Plaintiff's improper terms and directions and confirming that Acclarent would follow the Federal Rules of Civil Procedure. (*See* Ex. D, Acclarent's Answers to Plaintiff's Interrogatories, App'x at 57-60.) Acclarent's specific objections to these definitions and instructions are not the types of general objections disfavored by the Rules and this District, despite Plaintiff's conclusory statement otherwise. *C.f. Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014) (discussing improper general objections in discovery responses which included a section entitled "general objections" and incorporated each objection by reference into each response as if fully set forth therein). Even a cursory review of Acclarent's objections to Plaintiff's Definitions and Instructions establishes that Acclarent simply did not assert general objections, and instead properly and specifically objected to Plaintiff's overly broad and improper Definitions and Instructions. (*See* Acclarent's Amended Specific Objections to Plaintiff's Definitions and Instructions, ECF 75, App'x at 4-8.)

As a result, if any action is warranted here, it should be to strike Plaintiff's Definitions and Instructions, which would obviate Acclarent's need to respond and object thereto. Otherwise, Acclarent's objections should be sustained.

## IV.    CONCLUSION

For the foregoing reasons, Acclarent respectfully requests that this Court deny Plaintiff's Second Amended Motion to Strike Objections and Compel Complete Responses to Plaintiff's First Set of Interrogatories to Acclarent (ECF 73) in its entirety, and award Acclarent its fees and costs for responding to this motion, which was not substantially justified.

Dated: March 11, 2026

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By: */s/ Jodi Munn Schebel*
    **Jodi Munn Schebel** (*Admitted Pro Hac Vice*)
    101 W. Big Beaver Road, Suite 1100
    Troy, MI 48084-5280
    Telephone: (612) 672-3247
    Facsimile:  (313) 690=3200
    Jodi.Schebel@bowmanandbrooke.com

    Alan R. Vickery
    State Bar No. 20571650
    5850 Granite Parkway, Suite 900
    Dallas, TX 75024
    Telephone: (972) 616-1700
    Facsimile:  (972) 616-1701
    Alan.Vickery@bowmanandbrooke.com

    Kim M. Schmid (*Admitted Pro Hac Vice*)
    150 S. Fifth Street, Suite 3000
    Minneapolis, MN 55402
    Telephone: (612) 672-3247
    Facsimile:  (612) 672-3200
    Kim.Schmid@bowmanandbrooke.com

**ATTORNEYS FOR DEFENDANT
ACCLARENT, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on the 11th day of March, 2026.

*/s/ Jodi Munn Schebel*
JODI MUNN SCHEBEL