**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| DONNA CAROL FERNIHOUGH<br><br>Plaintiff,<br><br>v.<br><br>ACCLARENT, INC., INTEGRA LIFESCIENCES CORPORATION, PRECISION CONCEPTS, LLC, and PCB TECHNOLOGIES USA INC.<br><br>Defendants. | Case No. 4:25-cv-00525-Y |

**DEFENDANT INTEGRA LIFESCIENCES CORPORATION'S
MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT FOR
<u>FAILURE TO STATE A CLAIM AND MEMORANDUM IN SUPPORT</u>**

33708996v3

## I.    INTRODUCTION

Plaintiff's Third Amended Complaint is fundamentally flawed in that she asserts Integra LifeSciences Corporation ("Integra") harmed her in connection with a medical product that she expressly admits *Integra had nothing to do with* at the time of her surgery.

For the first time in her fourth complaint, Plaintiff now affirmatively asserts claims of strict products liability, negligence, gross negligence, and a demand for punitive damages individually against Integra, separate and apart from her claims against Acclarent. Unlike her previous three complaints, Plaintiff  does not simply allege claims against Integra that arise solely to the extent it "acquired Acclarent after the incident in question," and "assumed ownership as well as the responsibilities and liabilities for the products in question and the conduct of Acclarent;" as was the basis for the Court's denial of Integra's first motion to dismiss. (Doc. 50 at 1).  Rather, in her Third Amended Complaint, Plaintiff alleges affirmative claims against Integra individually, claiming that Integra undertook actions ***prior*** to her surgery that caused her injuries.  Plaintiff makes these baseless allegations despite ***knowing*** Integra had absolutely no legal connection to Acclarent until nearly eleven months ***after*** Plaintiff's surgery.  Plaintiff's surgery occurred on May 19, 2023.  Integra acquired Acclarent eleven months later on April 1, 2024.[1]  Integra was not prescient regarding alleged failure or malfunction of medical products from a company it acquired ***after*** the surgery at issue.  These claims are frivolous.  *See* Fed. R. Civ. P. 11 (b).

---

[1] Plaintiff acknowledges this timeline in her previous complaints and in her Response in opposition to Integra's first Motion to Dismiss.  (Doc. 41 at 12)("Integra purchased Acclarent . . . in April 2024").

Seminal Texas law confirms that courts are "constrained to follow the fundamental rule of this jurisdiction that a cause of action in tort depends upon the existence of a legal duty in the defendant," which "*imposes no obligation which is not within the actor's ability to perform*, *since it relates only to the actor's conduct over which as such he has control*." *Griggs v. Capitol Mach. Works, Inc.,* 690 S.W.2d 287, 293–94 (Tex. App.— Austin), writ refused NRE, 701 S.W.2d 238 (Tex. 1985) (emphasis in original).

Under these facts and pursuant to the Federal Rules and Texas law, Integra must be dismissed. Accordingly, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Integra, through its undersigned counsel, submits this Motion to Dismiss for Failure to State a Claim and Memorandum in Support.

## II.    BACKGROUND

### A.    Plaintiff's Third Amended Complaint Allegations

In her Third Amended Complaint, as in her previous Complaints, Plaintiff alleges that on May 19, 2023, she underwent sinus surgery performed by Dr. Marc Dean using a TruDi Navigation System. (Doc. 99 ¶ 7). Plaintiff alleges that Dr. Dean's use of the surgical devices caused injury to Plaintiff's carotid artery. (*Id.*) After bleeding began, Plaintiff alleges that Dr. Dean used the TruDi Navigation System to navigate the Acclarent balloon into a position to tamponade the bleeding. (*Id.*) Plaintiff alleges the bleeding from her carotid artery dissection caused a stroke. (*Id.*) In her three previous Complaints, Plaintiff conceded, as she must, that Integra acquired Acclarent *after* the events giving rise to her claims.

### B.    Procedural Posture

On June 16, 2025, Integra filed a Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. 23). Therein, Integra argued that Plaintiff's allegations against it must fail as it was clear, from the facts pleaded in Plaintiff's Complaint and from public knowledge, that Integra acquired Acclarent *after* the date of Plaintiff's surgery.

In denying Integra's Motion to Dismiss, this Court held that "it is clear that Plaintiff intends those allegations to be against Integra *only to the extent it 'acquired Acclarent after the incident in question'* and '*assumed ownership as well as the responsibilities and liabilities for the products in question and the conduct of Acclaren*t.'" (Doc. 50 at 1; quoting Plaintiff's Amended Complaint) (emphasis added). While it may have been the case that Plaintiff's allegations against Integra were merely derivative in Plaintiff's first three Complaints, it is no longer the case.

### C.    Claims Against Integra

In her Third Amended Complaint, Plaintiff alleges claims against Integra individually that are *not limited* to simply being related to or derivative of the acquisition of Acclarent. Plaintiff alleges separate causes of action against Integra for strict products liability, negligence, and gross negligence, with a demand for punitive damages. Plaintiff forwards these claims in a pleading filed in Federal Court despite knowing that Integra did not acquire Acclarent until eleven months *after* the date of Plaintiff's surgery. There is no reasonable basis in law or fact to support these affirmative claims now being raised as to Integra.

For instance, in her strict liability claim against Integra individually, Plaintiff alleges that:

> ***At all times relevant to the instant cause of action INTEGRA was the manufacturer of the PRODUCT IN QUESTION***, including the navigable devices/tools attachable to the PRODUCT IN QUESTION…and therefore is responsible and accountable for the defective design, manufacture, marketing, and sales of the PRODUCT IN QUESTION and of its navigable devices/tools and essential component parts as alleged against ACCLARENT in the foregoing paragraphs, and ***particularly for the occurrence in question and the alleged injuries and damages sustained by DONNA CAROL FERNIHOUGH***.  (Doc. 99 ¶ 127) (emphasis added).

In her negligence claim against Integra individually, Plaintiff alleges that:

> ***At all times relevant to the instant cause of action*** INTEGRA was the designer, manufacturer, marketer, distributer, and seller of the PRODUCT IN QUESTION, including the navigable devices/tools attachable to the PRODUCT IN QUESTION. (Doc. 99 ¶ 131) (emphasis added).
>
> INTEGRA'S negligent acts and/or omissions, as alleged above, were committed by or under the supervision of one or more of its vice-principals. (Doc. 99 ¶ 132).
>
> INTEGRA, by and through its vice-principals had actual, subjective awareness of the risk involved with the PRODUCT IN QUESTION, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of patients such as DONNA CAROL FERNIHOUGH undergoing ENT procedures utilizing and relying upon the PRODUCT IN QUESTION to provide true and accurate orientation and direction, particularly in the sphenoid sinus. (Doc. 99 ¶ 135).

In her gross negligence claim, Plaintiff alleges that:

> INTEGRA'S acts or omissions or conduct described above were jointly and severally a direct, proximate, and substantial cause of DONNA CAROL FERNIHOUGH'S suffering severe, catastrophic life-changing injuries resulting in the losses and harms for which she

has made a claim in this case. (Doc. 99 ¶ 137).

Plaintiff also alleges that the above conduct of Integra in causing her injuries entitles her to punitive damages. (Doc. 99 ¶ 142).

## III.    LEGAL STANDARDS

To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). In deciding a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept a plaintiff's alleged facts as true, it is "not bound to accept as

true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Id.* But "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitles her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)).

## IV.    THE CLAIMS AGAINST INTEGRA FAIL AS A MATTER OF LAW

Plaintiff's Third Amended Complaint lacks facial plausibility because it asserts claims for strict products liability, negligence, and gross negligence against Integra concerning alleged conduct which *preceded* Integra's acquisition of Acclarent. While Plaintiff previously pleaded her allegations against Integra only to the extent it acquired Acclarent after the incident in question—as noted by this Court in its Order denying Integra's Motion to Dismiss—Plaintiff has now squarely pleaded separate claims against Integra that are ***implausible*** on their face. The claims against Integra fail as a matter of law because all claims against Integra concern alleged conduct that *preceded* Integra's acquisition of Acclarent.

"Under traditional products liability law, the plaintiff must prove the defendant supplied the product that caused the injury." *Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 614 (Tex. 1996). Texas courts have long rejected attempts by plaintiffs to

assert product liability claims against successor entities who had nothing to do with putting the subject product into the stream of commerce. *See Griggs*, 690 S.W.2d at 292 (holding that Texas law "expressly *disclaim*[s] imposing a duty upon one who has no ability to control the circumstances and events which preceded a specific plaintiff's injury") (emphasis in original). The *Griggs* court held that the entire basis for a claim sounding in products liability:

> is to make *one who sells* a product *subject to liability* for physical harm *thereby caused* to the ultimate consumer or user. The phrase 'one who sells' implies, of course, that any liability under the section fastens upon the one who places the article in commerce. More importantly for our purposes, however, the phrase 'subject to liability' also *circumscribes* the scope of possible liability. In comment *a* under § 5 of the Restatement, wherein the phrase is defined, we find the following summary of the phrase 'subject to liability': The phrase thus deals with so much of the circumstances and events *preceding a plaintiff's injury* as are within the defendant's *exclusive ability to control*.

 *Id.* (emphasis in original).

Here, the fact that Integra acquired Acclarent eleven months **after** the May 19, 2023 surgery giving rise to Plaintiff's claims is not in dispute.  And, as Plaintiff admits by alleging separate claims against each, Integra is not Acclarent; they are two distinct entities. Clearly Integra had no ability, exclusive or otherwise, to control the sale of the medical product alleged to have caused Plaintiff's injury.  Integra did not supply, did not sell, and did not place into the stream of commerce the product alleged to be defective and causally related to Plaintiff's injury.  Yet despite Plaintiff's admissions throughout this litigation that Integra did not own Acclarent at the time of her surgery—which is publicly available

information—her pleading is replete with allegations of actionable conduct somehow committed by Integra prior to Plaintiff's surgery. These include allegations that "At all times relevant to the instant cause of action INTEGRA was the manufacturer of the PRODUCT IN QUESTION…particularly for the occurrence in question and the alleged injuries and damages sustained by DONNA CAROL FERNIHOUGH." (Doc. 99 ¶ 127). The Complaint also includes allegations that these tortious actions were "committed by or under the supervision of one or more of [Integra's] vice-principals." (Doc. 99 ¶ 132). Her claims against Integra defy fact and logic.

Simply put, Integra could not have designed, manufactured, or sold medical device(s) of a wholly separate and unrelated company prior to an acquisition. No amount of contortion or twisting leads to any other conclusion. Such an inference is implausible on its face, as confirmed by longstanding Texas law.

To be clear, this is not merely a rehash of Integra's prior motion to dismiss. Unlike her prior complaints, which restrict the allegations against Integra "only to the extent it acquired Acclarent after the incident in question and [allegedly] assumed ownership as well as the responsibilities and liabilities for the products in question and the conduct of Acclarent," the Third Amended Complaint actually pleads affirmative claims against Integra for the conduct giving rise to her injuries—conduct which took place before Integra had anything to do with these products. (Doc. 50 at 1). These claims cannot stand. *See Griggs*, 690 S.W.2d at 292 (Texas law "expressly *disclaim*[s] imposing a duty upon one who has no ability to control the circumstances and events which preceded a specific

plaintiff's injury").

Because Integra acquired Acclarent eleven months ***after*** the events giving rise to this suit, it suspends belief that Integra somehow was involved in any of the pre-incident conduct that Plaintiff alleges against Integra. Plaintiff's strict liability and negligence claims against Integra are no more "than labels and conclusions," and the pleaded facts do not push the "claims across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 555, 570. Thus, Integra should be dismissed from this lawsuit, with prejudice, as a matter of law. Because her substantive claims fail, her demand for punitive damages also fails. *Quezada v. MDS Trucking V Inc.*, 2024 WL 3748381, at *6 (W.D. Tex. Aug. 9, 2024) ("a demand for punitive damages is not a part of the plaintiff's *claim*") (emphasis added).

## V. CONCLUSION

For the reasons addressed herein, the claims against Integra in Plaintiff's Third Amended Complaint should be dismissed pursuant to Fed. R. Civ. Pro 12 (b)(6) and Integra should be dismissed from this matter with prejudice.

Dated: April 22, 2026

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By: */s/ Alan R. Vickery*
    **Alan R. Vickery**
    State Bar No. 20571650
    **Trevor W. Carolan**
    State Bar No. 24128898
    5850 Granite Parkway, Suite 900
    Dallas, TX  75024
    Telephone: (972) 616-1700

alan.vickery@bowmanandbrooke.com
trevor.carolan@bowmanandbrooke.com

**ATTORNEYS FOR DEFENDANT
INTEGRA LIFESCIENCES
CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that, on April 22, 2026, I caused the foregoing document to be filed with the Clerk of the Court of the United States District Court for the Northern District of Texas using the Court's CM/ECF system.

*/s/ Alan R. Vickery*
**Alan R. Vickery**
