IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DONNA CAROL FERNIHOUGH<br><br>Plaintiff,<br><br><br>v.<br><br><br>ACCLARENT, INC. and INTEGRA<br>LIFESCIENCES CORPORATION,<br><br>Defendants. | Case No. 4:25-cv-00525-Y<br><br>**RELATED TO MOTION REFERRED<br>TO MAGISTRATE JUDGE CURETON** |

**ACCLARENT, INC.'S REPLY TO ITS MOTION FOR RECONSIDERATION AND
STAY OF ORDER REQUIRING PRODUCTION OF
UNREDACTED COMPLAINT INFORMATION[1]**

---

[1] As required by Local Rule 7.2, Acclarent certifies it used Generative AI to assist in preparing this brief. Acclarent further certifies that its counsel confirmed the existence and accuracy of each citation.

## I.    INTRODUCTION

The Court should grant Acclarent's motion for reconsideration for four reasons.

*First*, federal law requires Acclarent to keep identifying information on patients and reporters confidential. Plaintiff's failure to dispute this fact in her response brief constitutes an admission that it applies to Acclarent's document production in this case.

*Second*, Acclarent properly objected to providing this confidential information in its original discovery responses.

*Third*, Plaintiff failed to raise any complaints with Acclarent's spreadsheet of complaints, including redactions, which Acclarent produced *before* Plaintiff filed her Second Amended Motion to Compel further interrogatory responses. Plaintiff therefore waived the complaints she raised for the first time in her reply brief regarding redactions.

*Fourth*, HIPAA protects names along with other information that can identify a patient. Plaintiff's assertions to the contrary are unfounded.

As such, for the reasons set out in its motion and brief in support, and as set forth herein, Acclarent respectfully requests that the Court grant its motion for reconsideration and allow Acclarent to maintain its narrowly-tailored redactions to protect identifying information for third parties.

## II.    ARGUMENT

### A.    Governing Federal Confidentiality Law Is Undisputed and Dispositive

Plaintiff does not dispute that federal law protects identifying information of third-party patients or complaint reporters from disclosure under the HIPAA regulatory scheme or 21 C.F.R. § 20.63(f). Indeed, Plaintiff does not dispute or even reference the case law Acclarent cited interpreting these regulations. Acclarent's opening brief explains that Acclarent is prohibited from disclosing patient identifying information under the HIPAA regulatory scheme. *See, e.g.*, 42

U.S.C.A. § 1320d-6 (providing for penalties where a person "discloses individually identifiable health information to another person" "without authorization"). Acclarent is similarly prohibited from disclosing identifying information of an adverse event reporter "in response to a request, demand, or order." 21 C.F.R. § 20.63(f).

Acclarent's redactions fit squarely within this settled framework. In accordance with this Court's order disallowing redactions while still complying with its obligations under federal law, Acclarent performed targeted redactions in the spreadsheet export of complaints from the J&J Complaint Database to remove *only* the identifying information in three columns that included protected information. Acclarent produced this updated complaint export spreadsheet at ACCDCF_111995. Specifically, Acclarent redacted terms or phrases that constitute identifying information for patients or reporters, while leaving any remaining, non-protected identifying text.

The Court should grant Acclarent's motion for reconsideration and allow Acclarent to continue to protect identifying information for protected third parties where the plain text of the law forecloses compelled disclosure of this information.

### B.    Acclarent Preserved Its Objection to Producing Protected Patient and Reporter Information

Plaintiff's waiver argument fails because Acclarent timely and specifically objected in its interrogatory responses to producing the protected information at issue in Acclarent's Motion. On November 12, 2025, Acclarent served its original responses to Interrogatory No. 2, and Acclarent stated:

> Acclarent also objects to this Interrogatory to the extent it seeks protected health information or confidential information protected by HIPAA or the patient privacy privilege. Acclarent further ***objects to this Interrogatory to the extent it seeks information related to individuals other than Plaintiff***, which is protected from discovery or use in any civil proceeding pursuant to 21 U.S.C. Sec. 360i(b)(3) and 21 C.F.R. Sec. 20.63(f). *See In Re Medtronic*, 184 F.3d 807 (8th Cir. 1999).

Pl.'s App'x, ECF 75, pp. 8-9 (emphasis added).[2] Not only did Acclarent specifically reference the federal laws that require the identifying information to remain confidential, Acclarent also referenced case law explaining that adverse event reporter information also must remain confidential. Plaintiff cannot credibly assert that Acclarent failed to preserve its objections to disclosing this confidential, identifying information. Acclarent's objections preserved the confidentiality of the precise information now at issue, namely the prohibition on disclosing reporter-identifying information and patient-identifying information contained in complaint materials.

Plaintiff's claims to the contrary are meritless and not supported by the case law she cites. Specifically, none of the three cases Plaintiff cited in her Response support her position that Acclarent did not preserve its objections.

In *Megatel Homes III, LLC v. Moayedi*, No. 3:20-cv-00688-L-BT, 2025 WL 1638927, at *5 (N.D. Tex. June 9, 2025), the court ordered a party to produce financial documents. *Id.* at *2. The responding party did not appeal that order. *Id.* Eventually, the responding party produced financial documents but redacted them allegedly based on relevancy. *Id.* at *3-4. The court ordered the responding party to produce unredacted financial documents. *Id.* at *5. In that case, there was no statutory basis for keeping the financial information confidential, whereas here federal law prohibits the disclosure of identifying information of patients and reporters. Further, Acclarent did not make redactions for relevancy reasons, as the responding party did in *Megatel*. Rather, Acclarent produced a spreadsheet of complaints with approximately 80 columns of information

---

[2] Plaintiff did not number her Appendix pages in accordance with the "Appendix Requirements" contained in Local Rule 7.1, which require the first page to be numbered as "1." Accordingly, Acclarent's citations for this document refer to the number on the bottom right of Plaintiff's as filed Appendix.

for each complaint, redacting limited portions of only three columns—two including physician account information and one for complaint narratives including identifying information for patients and reporters.

*Cardenas v. Dorel Juv. Grp., Inc.*, 230 F.R.D. 611, 621 (D. Kan. 2005) is similarly inapposite. The court there ordered a party to produce blueprints and design drawings after the party raised a new objection to producing the documents in its response to a motion to compel. *Id.* at 620-21. Here, Acclarent properly objected to producing confidential third-party information in its original responses. It did not raise a new objection in its Response. Further, the information Acclarent seeks to protect, patient and reporter information, is protected by statute, unlike blueprints and design drawings.

This Court's opinion in *Cadence Bank v. Bridgelink Eng'g LLC*, No. 4:23-CV-609-BJ, 2024 WL 6893273, at *8 (N.D. Tex. Dec. 16, 2024), is also not dispositive. There, a responding party objected on the basis of "privacy" to producing documents that would have allowed the requesting party to ascertain the responding party's assets. The responding party provided no additional information, legal support, or case law in support of its alleged privacy claims. This Court weighed the "bare-bones" privacy claim with the need for this information and compelled the responses because the requesting party needed this information to determine the responding party's assets in this breach of contract case. *Id.* at *9. *Cadence Bank* is distinguishable because the information sought was financial information not protected by any federal law. *Cadence Bank* is also distinguishable because Plaintiff has no credible need for obtaining the information of other patients or physicians to prove her case, even if she was allowed to obtain that information, which she is not. In fact, Plaintiff stated in her opening brief of her Second Amended Motion to Strike Objections and Compel that she was not requesting "patient identifying information to be

disclosed." ECF 74 at 14.

Finally, Plaintiff's suggestion that Rule 26(b)(5)(A) requires that Acclarent log the protected patient and reporter information is nonsensical. Acclarent produced a privilege log for documents withheld on the basis of privilege. Acclarent served its first privilege log on February 13, 2026. Otherwise, in accordance with Rules 26 and 33, Acclarent provided valid objections to Plaintiff's discovery requests seeking information protected by federal law and specifically identified which information it had redacted in its spreadsheet. Acclarent preserved and explained its basis for withholding both reporter-identifying and patient-identifying information. Acclarent's objections were preserved, were not waived, and should be sustained.

### C.    Plaintiff waived her objections to Acclarent's redactions.

The record confirms that Acclarent produced its complaint spreadsheet—with specifically labeled redactions—weeks before Plaintiff filed her Second Amended Motion to Strike Objections and Compel. Plaintiff does not dispute (nor could she), that she did not raise any complaint about redactions in her opening brief. Indeed, the word "redaction" does not appear in her motion or brief, and *she affirmatively stated she was not seeking disclosure of patient-identifying information*. Plaintiff did not complain about any redactions until her filed her reply to her motion to compel. Thus, it is *Plaintiff* who waived her objections regarding Acclarent's redactions, not Acclarent.  Further, Plaintiff does not dispute that under well-settled Northern District of Texas practice, issues raised for the first time in a reply are not considered, as doing so deprives the nonmovant of a fair opportunity to respond. The only argument Plaintiff raises in opposition is an erroneous and easily de-bunked claim that Acclarent allegedly failed to assert the objections at issue in its discovery responses, which is simply not true. *See* Section B, *supra*.

### D.    Plaintiff's Reply Misstates and Misconstrues HIPAA requirements.

Plaintiff asserts, without any basis, that the "claims and reports Acclarent collects and then

exports to the spreadsheet in question do not contain patient names." Pl.'s Resp. at 9, ECF 125. Even if this were true, HIPAA protects more than patient names. 42 U.S.C.A. § 1320d-6 protects "individually identifiable health information." Individually identifiable health information "means any information, including demographic information collected from an individual" that either "identifies the individual" or is information where there "is a reasonable basis to believe that the information can be used to identify the individual." 42 U.S.C.A. § 1320d. The HIPAA regulatory scheme provides further methods for de-identifying data, one of which is to remove 18 different types of information including names, certain geographic information, birthdates, telephone numbers, account numbers, biometric identifiers, and more. 45 C.F.R. § 164.514. In accordance with these requirements, Acclarent has redacted information either identifying any individual or where there is a reasonable basis to believe that information can identify an individual.  Acclarent's redactions should be upheld.

## III.    CONCLUSION

For the reasons set forth above along with those in its opening brief, Acclarent respectfully asks this Court to grant its motion for reconsideration and permit Acclarent to maintain its narrowly-tailored redactions of third-party identifying information it is required to keep confidential under federal law.

Dated: May 22, 2026.                          Respectfully submitted,

                                              BOWMAN AND BROOKE LLP

                                              By: */s/ Jodi Munn Schebel*
                                                 **Jodi Munn Schebel** (*Admitted Pro Hac Vice*)
                                                 101 W. Big Beaver Road, Suite 1100
                                                 Troy, MI 48084-5280
                                                 Telephone: (612) 672-3247
                                                 Facsimile:  (313) 690-3200
                                                 Jodi.Schebel@bowmanandbrooke.com

Alan R. Vickery
State Bar No. 20571650
5850 Granite Parkway, Suite 900
Dallas, TX 75024
Telephone: (972) 616-1700
Facsimile:  (972) 616-1701
Alan.Vickery@bowmanandbrooke.com

Kim M. Schmid (*Admitted Pro Hac Vice*)
150 S. Fifth Street, Suite 3000
Minneapolis, MN 55402
Telephone: (612) 672-3247
Facsimile:  (612) 672-3200
Kim.Schmid@bowmanandbrooke.com

**ATTORNEYS FOR DEFENDANTS
ACCLARENT, INC. AND INTEGRA
LIFESCIENCES CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on the 22nd day of May, 2026.

*/s/ Jodi Munn Schebel*
JODI MUNN SCHEBEL